IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ALBERT LEWIS BOND,                    )
                                      )
             Petitioner,              )
                                      )
vs.                                   )   No. 3:08-CV-0523-N (BH)
                                      )   (Consolidated Case 3:08-CV-0524-N)
NATHANIEL QUARTERMAN, Director,       )
Texas Department of Criminal          )   ECF
Justice, Correctional Institutions Division,  )   Referred to U.S. Magistrate Judge
                                      )
             Respondent.              )

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in

implementation thereof, subject cause has previously been referred to the United States

Magistrate Judge.  The findings, conclusions, and recommendation of the Magistrate Judge are

as follows:

**I.  BACKGROUND**

Petitioner filed two federal habeas petitions in Civil Action Nos. 3:08-CV-0523-N and

3:08-CV-0524-N on March 20, 2008 (the date he certifies that he placed the petitions in the

prison mail system).  *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (recognizing

that prisoners file their federal pleadings when they place them in the prison mail system).

Although Petitioner challenges two separate state convictions, he alleges the same grounds in

each petition and the state convictions were considered together on direct appeal and in the state

habeas corpus proceedings.  By Order dated April 3, 2008, the two cases were consolidated for

consideration by this Court.

Petitioner is an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Respondent is Nathaniel Quarterman, Director of TDCJ-CID.[1]

According to Petitioner, he entered pleas of guilty in the 204th Judicial District Court of Dallas County, Texas, to the felony offenses of aggravated robbery (Case No. F-96-00808-JQ) and robbery (Case No. F-96-00807-JQ). He was found guilty and sentenced on June 28, 1996, to 75 years of incarceration on the aggravated robbery charge and 30 years of incarceration on the robbery charge. His convictions and sentences were affirmed on January 6, 1999. He did not file petitions for discretionary review (PDR).

Petitioner filed state habeas applications on September 4, 2007, which were denied by the Texas Court of Criminal Appeals on November 21, 2007.

Petitioner alleges:

(1)     his convictions were obtained by pleas of guilty that were unlawfully induced, not made voluntarily, or made without an understanding of the nature of the charges and the consequences of the pleas;

(2)     he was denied effective assistance of counsel;

(3)     his convictions were obtained by the use of coerced confessions; and

(4)     the trial court failed to admonish him that he was not eligible for probation.

---

[1]Respondent has not filed an answer; however, after reviewing Petitioner's petitions, the court is of the opinion that the petitions are time-barred. See *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999) (the court can raise the statute of limitations *sua sponte*).

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Because Petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions.  One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See id.* § 2244(d)(1)(A)-(D).

Petitioner acknowledges that he waited "some eight years" before he sought state habeas relief.  He has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petitions.  Nor does he base his petitions on any new constitutional right under subparagraph (C).  Further, Petitioner has failed to present any argument that he should be permitted to proceed under subparagraph (D).  Thus, as § 2244(d)(1) relates to this case, the

Court will calculate the one-year statute of limitations from the date Petitioner's convictions became final.

In this case, petitioner appealed his convictions but filed no PDR. The state convictions therefore become final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.*, thirty days after the appellate court rendered its judgment on January 6, 1999. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (rejecting reliance upon the date of mandate and relying on TEX. R. APP. P. 68.2 for the thirty day period to file a PDR). Petitioner's state judgments of convictions became final on February 5, 1999, and his federal habeas petitions were due February 5, 2000. Because he filed his petitions more than one year after his conviction became final on February 5, 2000, a literal application of § 2244(d)(1) renders his March 20, 2008 filings untimely.

### III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation to tolled during the period in which his state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

Petitioner states that he filed his state habeas petitions in September 2007 raising the same issues he raises in his federal petitions. When Petitioner filed his state petitions in

September 2007, the statutory limitations period had already expired. Accordingly, the statutory tolling provision does not save Petitioner's untimely federal petitions.

Nothing in the petition indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling); *Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, lack of access to federal statutes and case law, incarceration prior to AEDPA's passage, illiteracy, deafness, lack of legal training, and actual innocence claims do not support equitable tolling of the AEDPA statute of limitations).

Because neither statutory nor equitable tolling save Petitioner's March 20, 2008 filings, his federal habeas petitions were filed outside the statutory period of limitations and should be deemed untimely.

## IV. EVIDENTIARY HEARING

Based upon the information before the Court, the instant action is untimely and an evidentiary hearing appears unnecessary.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the requests for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DISMISS** the petitions with prejudice.

**SIGNED this 8th day of May, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. _Douglass v. United Servs. Auto Ass'n_, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (_en banc_).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE